FILED
JANUARY 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 322**

| | | |
|---|---|---|
| JANET PARHAM | ) | |
| Plaintiff, | ) | |
| | ) No. . | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| ADVOCATE GOOD SAMARITAN HOSPITAL, | ) | **JUDGE GOTTSCHALL** |
| | ) | **MAGISTRATE JUDGE ASHMAN** |
| Defendant. | ) | |

### COMPLAINT

NOW COMES the Plaintiff Janet Parham, through her counsel, The Law Offices of Laurie J. Wasserman, and complains against the Defendant, Advocate Good Samaritan Hospital, as follows:

### INTRODUCTION

1. Plaintiff Janet Parham seeks redress and damages for disability discrimination by Defendant in violation of her rights as secured under The Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.* ("ADA") based upon terminating her employment because of her disability (Count I), terminating her employment because of a perceived disability (Count II), terminating her employment because of a record of a disability (Count III), retaliating and terminating Plaintiff for complaining about discrimination (Count IV), subjecting Plaintiff to

mandatory psychological treatment in violation of the ADA (Count V), and the tort of negligent supervision under Illinois common law (Count VI).

**JURISDICTION & VENUE**

2. Plaintiff brings this action pursuant to §107(a), 42 U.S.C. §12117(a) of the ADA, which incorporates by reference Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.,* as amended, which grants jurisdiction to this Court.

3. All preconditions to jurisdiction under Title VII, 42 U.S.C. §2000e-5(f)(3) have been met.

    a. A Charge of Discrimination, attached hereto as Exhibit A, based on disability discrimination, was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date of the last act of discrimination.

    b. Plaintiff requested a Right to Sue letter from the EEOC more than 180 days since the filing of the Charge of Discrimination.

    c. Pursuant to 42 U.S.C. §2000e-5(f)(1), Plaintiff received the Notice of Right to Sue from the EEOC on or about August 13, 2007.

    d. Prior to the expiration of 90 days from Plaintiff's receipt of the Right to Sue, Plaintiff and Defendant entered into a Tolling Agreement, extending the date Plaintiff was to file suit in federal court to January 15, 2008. A copy of the Tolling Agreement is attached hereto as Exhibit B. Plaintiff filed this complaint prior to the expiration of the Tolling Agreement.

4. Jurisdiction of this cause also arises under 28 U.S.C. §§s 1331, 1343 , 1367 and 28 U.S.C. §2000e-5(3) and principles of pendent and supplemental jurisdiction.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 and 29 U.S.C. §1132(e)(2). The acts complained of and the events at issue all took place in this district.

## PARTIES

6. Plaintiff is a citizen of the United States and a resident of Du Page County, Illinois.

7. Defendant is a not-for-profit corporation organized under the laws of the State of Illinois.

8. Defendant is an "employer" within the meaning of the ADA, §101(5)(A), 42 U.S.C. §12111(5)(A).

9. Defendant is a "covered entity" within the meaning of the ADA, §101(2), 42 U.S.C. §12111(2), and is a person within the meaning of the ADA §101(7), 42 U.S.C. §12111(7), and Title VII §701(a), 42 U.S.C. §2000e(a).

10. Defendant employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

## COUNT I
## DISCRIMINATION BASED UPON DISABILITY

11. Plaintiff restates and realleges all the statements made in paragraphs 1 through 10 above as though fully set forth herein.

12. Plaintiff reiterates and realleges all of the allegations contained in Exhibit A Section I and incorporates them by reference as if fully set forth herein.

13. By the acts and/or omissions alleged herein, Defendant violated the ADA.

14. Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

15. As a proximate result of the foregoing facts, Plaintiff suffered pecuniary losses in the form of lost wages and fringe benefits, emotional harm, attorney's fees and the cost of this action.

WHEREFORE, Plaintiff Janet Parham seeks the following relief:

a. An order enjoining Defendant from engaging in further acts of discrimination against Plaintiff;

b. An order making Plaintiff whole by awarding her front pay in an amount deemed appropriate by the Court, or alternatively ordering Defendant to reinstate Plaintiff to her former position or a position comparable thereto in a discrimination-free environment;

c. An order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial;

d. An order awarding Plaintiff pre-judgment and post-judgment interest in an amount and at a rate to be determined at trial;

e. An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action;

f. Compensatory and punitive damages;

g. An order awarding Plaintiff such other and further relief as this Court deems fit.

## COUNT II
### DISCRIMINATION BASED UPON PERCEIVED DISABILITY

16. Plaintiff restates and realleges all the statements made in paragraphs 1 through 10 above as though fully set forth herein.

17. Plaintiff reiterates and realleges all of the allegations contained in Exhibit A Section II and incorporates them by reference as if fully set forth herein.

18. By the acts and/or omissions alleged herein, Defendant violated the ADA.

19. Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

20. As a proximate result of the foregoing facts, Plaintiff suffered pecuniary losses in the form of lost wages and fringe benefits, emotional harm, attorney's fees and the cost of this action.

WHEREFORE, Plaintiff Janet Parham seeks the following relief:

a    An order enjoining Defendant from engaging in further acts of discrimination against Plaintiff;

b.    An order making Plaintiff whole by awarding her front pay in an amount deemed appropriate by the Court, or alternatively ordering Defendant to reinstate Plaintiff to her former position or a position comparable thereto in a discrimination-free environment;

c.    An order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial;

d.    An order awarding Plaintiff pre-judgment and post-judgment interest in an amount and at a rate to be determined at trial;

e.    An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action;

f.    Compensatory and punitive damages; and

g.    An order awarding Plaintiff such other and further relief as this Court deems fit.

## COUNT III
## DISCRIMINATION BASED UPON RECORD OF DISABILITY

21. Plaintiff restates and realleges all the statements made in paragraph 1 through 10 above as though fully set forth herein.

22. Plaintiff reiterates and realleges all of the allegations contained in Exhibit A, Section III and incorporates them by reference as if fully set forth herein.

23. By the acts and/or omissions alleged herein, Defendant violated the ADA.

24. Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

25. As a proximate result of the foregoing facts, Plaintiff suffered pecuniary losses in the form of lost wages and fringe benefits, emotional harm, attorney's fees and the cost of this action.

WHEREFORE, Plaintiff Janet Parham seeks the following relief:

a. An order enjoining Defendant from engaging in further acts of discrimination against Plaintiff;

b. An order making Plaintiff whole by awarding her front pay in an amount deemed appropriate by the Court, or alternatively ordering Defendant to reinstate Plaintiff to her former position or a position comparable thereto in a discrimination-free environment;

c. An order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial;

d. An order awarding Plaintiff pre-judgment and post-judgment interest in an amount and at a rate to be determined at trial;

e.      An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action;

f.      Compensatory and punitive damages; and

g.      An order awarding Plaintiff such other and further relief as this Court deems fit.

## COUNT IV
## RETALIATION

26.     Plaintiff restates and realleges all the statements made in paragraph 1 through 10 above as though fully set forth herein.

27.     Plaintiff reiterates and realleges all of the allegations contained in Exhibit A, Section IV and incorporates them by reference as if fully set forth herein.

28.     By the acts and/or omissions alleged herein, Defendant violated the ADA.

29.     Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

30.     As a proximate result of the foregoing facts, Plaintiff suffered pecuniary losses in the form of lost wages and fringe benefits, emotional harm, attorney's fees and the cost of this action.

WHEREFORE, Plaintiff Janet Parham seeks the following relief:

a.      An order enjoining Defendant from engaging in further acts of discrimination against Plaintiff;

b.      An order making Plaintiff whole by awarding her front pay in an amount deemed appropriate by the Court, or alternatively ordering Defendant to reinstate Plaintiff to her former position or a position comparable thereto in a discrimination-free environment;

    c.    An order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial;

    d.    An order awarding Plaintiff pre-judgment and post-judgment interest in an amount and at a rate to be determined at trial;

    e.    An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action;

    f.    Compensatory and punitive damages; and

    g.    An order awarding Plaintiff such other and further relief as this Court deems fit.

## COUNT V
## DISCRIMINATION BASED UPON
## MANDATORY PSYCHOLOGICAL TREATMENT

31.    Plaintiff restates and realleges all the statements made in paragraph 1 through 10 above as though fully set forth herein.

32.    Plaintiff reiterates and realleges all of the allegations contained in Exhibit A, Section V and incorporates them by reference as if fully set forth herein.

33.    By the acts and/or omissions alleged herein, Defendant violated the ADA.

34.    Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

35.    As a proximate result of the foregoing facts, Plaintiff suffered emotional harm, attorney's fees and the cost of this action.

WHEREFORE, Plaintiff Janet Parham seeks the following relief:

    a.    An order enjoining Defendant from engaging in further acts of discrimination against Plaintiff;

    b.    An order making Plaintiff whole by awarding her front pay in an amount

       deemed appropriate by the Court, or alternatively ordering Defendant to reinstate Plaintiff to her former position or a position comparable thereto in a discrimination-free environment;

  c.    An order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial;

  d.    An order awarding Plaintiff pre-judgment and post-judgment interest in an amount and at a rate to be determined at trial;

  e.    An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action;

  f.    Compensatory and punitive damages; and

  g.    An order awarding Plaintiff such other and further relief as this Court deems fit.

## COUNT VI
## NEGLIGENT SUPERVISION

36.    Plaintiff restates and realleges all the statements made in paragraphs 1 through 10 above as though fully set forth herein.

37.    At all relevant times, Defendant had a duty to supervise its employees, including but not limited to Marie Levey.

38.    At all relevant times, Defendant failed to use reasonable care in its supervision of Marie Levey.

39.    Defendant's breach of its supervisory duty to Plaintiff was a proximate cause of the injuries and loss suffered by Plaintiff.

40.     The Defendant's actions and omissions were willful and wanton, with complete disregard for the Plaintiff's safety and well being.

WHEREFORE, Plaintiff Janet Parham seeks the following relief:

a.  An order making Plaintiff whole by awarding her front pay in an amount deemed appropriate by the Court,

b.  An order awarding Plaintiff back pay (including fringe benefits) from the date of the tortious conduct alleged through the date of trial;

c.  An order awarding Plaintiff pre-judgment and post-judgment interest in an amount and at a rate to be determined at trial;

d.  An order awarding Plaintiff all attorney's fees, expert witness fees and costs of this action;

e.  Compensatory and punitive damages; and

f.  An order awarding Plaintiff such other and further relief as this Court deems fit.

g.  An order awarding Plaintiff such other and further relief as this Court deems fit.

                                                                                         _____
                                                                                            Carol G. Silverman
                                                                                           One of Plaintiff's Attorneys

Dated: January 15, 2008

                                                                                        **JURY DEMAND**
                                                                                        Plaintiff demands a jury to hear and decide all issues of fact.

Laurie J. Wasserman #3124845
Carol G. Silverman #6189650
Law Offices of Laurie J. Wasserman
9933 Lawler, Suite 122
Skokie, IL 60077-3703
(847) 674-07324