IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANET PARHAM, <br><br> Plaintiff, <br><br> v. <br><br> ADVOCATE GOOD SAMARITAN HOSPITAL, <br><br> Defendant. | No. 08-cv-322 <br><br> Honorable Judge Joan B. Gottschall <br><br> Honorable Magistrate Judge Ashman |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Advocate Good Samaritan Hospital, by and through its undersigned counsel of record, files this Answer and Affirmative Defenses to the Complaint brought by the Plaintiff, and in support thereof, states as follows:

### INTRODUCTION

1. Plaintiff Janet Parham seeks redress and damages for disability discrimination by Defendant in violation of her rights as secured under The Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.* ("ADA") based upon terminating her employment because of her disability (Count I), terminating her employment because of a perceived disability (Count II), terminating her employment because of a record of a disability (Count III), retaliating and terminating Plaintiff for complaining about discrimination (Count IV), subjecting Plaintiff to mandatory psychological treatment in violation of the ADA (Count V), and the tort of negligent supervision under Illinois common law (Count VI).

**Answer:** Advocate Good Samaritan ("Advocate") admits only that the Plaintiff filed this action pursuant to The Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.* ("ADA") as well as other legal theories of recovery. Advocate denies the factual allegations contained in this paragraph specifically and generally.

1

## JURISDICTION & VENUE

2.  Plaintiff brings this action pursuant to §107(a), 42 U.S.C. §12117(a) of the ADA, which incorporates by reference Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*, as amended, which grants jurisdiction to this Court.

**Answer:** Advocate admits that the Plaintiff filed this action pursuant to the ADA, and that this Court has jurisdiction to decide the case. The remaining allegations contained in this paragraph are denied.

3.  All preconditions to jurisdiction under Title VII, 42 U.S.C. §2000e-5(f)(3) have been met.

    a.    A Charge of Discrimination, attached hereto as Exhibit A, based on disability discrimination, was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date of the last act of discrimination.

    b.    Plaintiff requested a Right to Sue letter from the EEOC more than 180 days since the filing of the Charge of Discrimination.

    c.    Pursuant to 42 U.S.C. §2000e-5(f)(l), Plaintiff received the Notice of Right to Sue from the EEOC on or about August 13, 2007.

    d.    Prior to the expiration of 90 days from Plaintiff's receipt of the Right to Sue, Plaintiff and Defendant entered into a Tolling Agreement, extending the date Plaintiff was to file suit in federal court to January 15, 2008. A copy of the Tolling Agreement is attached hereto as Exhibit B. Plaintiff filed this complaint prior to the expiration of the Tolling Agreement.

**Answer:** Advocate admits that the preconditions to the Court's jurisdiction have been satisfied by the Plaintiff. The remaining allegations in paragraph 3 are denied.

4.  Jurisdiction of this cause also arises under 28 U.S.C. §§ 1331, 1343, 1367 and 28 U.S.C. §2000e-5(3) and principles of pendent and supplemental jurisdiction.

**Answer:** Paragraph 4 contains strictly legal conclusions which require no answer. To the extent Advocate is required to answer these allegations, Advocate denies any and all factual

allegations contained in paragraph 4 of the Complaint. Advocate denies that the Court should exercise pendent or supplemental jurisdiction over the state law claim contained in Count VI.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 and 29 U.S.C. §1132(e)(2). The acts complained of and the events at issue all took place in this district.

**Answer:** Advocate admits that venue is proper in this district. Advocate denies the remaining allegations contained in paragraph 5.

## PARTIES

6. Plaintiff is a citizen of the United States and a resident of Du Page County, Illinois.

**Answer:** Advocate has insufficient knowledge to admit or deny the allegations contained in this paragraph, and therefore, said allegations are denied.

7. Defendant is a not-for-profit corporation organized under the laws of the State of Illinois.

**Answer:** Admitted.

8. Defendant is an "employer" within the meaning of the ADA, §101(5)(A), 42 U.S.C. §12111(5)(A).

**Answer:** Admitted.

9. Defendant is a "covered entity" within the meaning of the ADA, §101(2), 42 U.S.C. §12111(2), and is a person within the meaning of the ADA §101(7), 42 U.S.C. §12111(7), and Title VII §701(a), 42 U.S.C. §2000e(a).

**Answer:** Admitted.

10. Defendant employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

**Answer:** Admitted.

## COUNT I
### DISCRIMINATION BASED UPON DISABILITY

11. Plaintiff restates and realleges all the statements made in paragraphs 1 through 10 above as though fully set forth herein.

3

**Answer:** Advocate restates and incorporates by reference herein the answers to paragraphs 1-10 of the Complaint.

12. Plaintiff reiterates and realleges all of the allegations contained in Exhibit A Section I and incorporates them by reference as if fully set forth herein.

**Answer:** Attached hereto and incorporated by reference herein is Advocate's response to Exhibit A, wherein Advocate denies, specifically and generally, Plaintiff's allegations related to non-existent violations of the ADA.

13. By the acts and/or omissions alleged herein, Defendant violated the ADA.

**Answer:** Advocate denies the allegations contained in this paragraph.

14. Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

**Answer:** Advocate denies the allegations contained in this paragraph.

15. As a proximate result of the foregoing facts, Plaintiff suffered pecuniary losses in the form of lost wages and fringe benefits, emotional harm, attorney's fees and the cost of this action.

**Answer:** Advocate denies the allegations contained in this paragraph.

WHEREFORE, Defendant, Advocate Good Samaritan Hospital, respectfully requests that the Court dismiss this action with prejudice, ordering Janet Parham to pay all costs associated with this action, and granting all other relief which the Court deems just and equitable.

## COUNT II
### DISCRIMINATION BASED UPON PERCEIVED DISABILITY

16. Plaintiff restates and realleges all the statements made in paragraphs 1 through 10 above as though fully set forth herein.

**Answer:** Advocate restates and incorporates by reference herein the answers to paragraph 1-10 of the Complaint.

17. Plaintiff reiterates and realleges all of the allegations contained in Exhibit A Section II and incorporates them by reference as if fully set forth herein.

**Answer:** Attached hereto and incorporated by reference herein is Advocate's response to Exhibit A, wherein Advocate denies, specifically and generally, Plaintiff's allegations related to non-existent violations of the ADA.

18. By the acts and/or omissions alleged herein, Defendant violated the ADA.

**Answer:** Advocate denies the allegations contained in this paragraph.

19. Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

**Answer:** Advocate denies the allegations contained in this paragraph.

20. As a proximate result of the foregoing facts, Plaintiff suffered pecuniary losses in the form of lost wages and fringe benefits, emotional harm, attorney's fees and the cost of this action.

**Answer:** Advocate denies the allegations contained in this paragraph.

WHEREFORE, Defendant, Advocate Good Samaritan Hospital, respectfully requests that the Court dismiss this action with prejudice, ordering Janet Parham to pay all costs associated with this action, and granting all other relief which the Court deems just and equitable.

## COUNT III
### DISCRIMINATION BASED UPON RECORD OF DISABILITY

21. Plaintiff restates and realleges all the statements made in paragraph 1 through 10 above as though fully set forth herein.

**Answer:** Advocate restates and incorporates by reference herein the answers to paragraphs 1-10 of the Complaint.

22. Plaintiff reiterates and realleges all of the allegations contained in Exhibit A, Section III and incorporates them by reference as if fully set forth herein.

**Answer:** Attached hereto and incorporated by reference herein is Advocate's response to Exhibit A, wherein Advocate denies, specifically and generally, Plaintiff's allegations related to non-existent violations of the ADA.

23. By the acts and/or omissions alleged herein, Defendant violated the ADA.

**Answer:** Advocate denies the allegations contained in this paragraph.

24. Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

**Answer:** Advocate denies the allegations contained in this paragraph.

25. As a proximate result of the foregoing facts, Plaintiff suffered pecuniary losses in the form of lost wages and fringe benefits, emotional harm, attorney's fees and the cost of this action.

**Answer:** Advocate denies the allegations contained in this paragraph.

WHEREFORE, Defendant, Advocate Good Samaritan Hospital, respectfully requests that the Court dismiss this action with prejudice, ordering Janet Parham to pay all costs associated with this action, and granting all other relief which the Court deems just and equitable.

## COUNT IV
### RETALIATION

26. Plaintiff restates and realleges all the statements made in paragraph 1 through 10 above as though fully set forth herein.

**Answer:** Advocate restates and incorporates by reference herein the answers to paragraphs 1-10 of the Complaint.

27. Plaintiff reiterates and realleges all of the allegations contained in Exhibit A, Section IV and incorporates them by reference as if fully set forth herein.

**Answer:** Attached hereto and incorporated by reference herein is Advocate's response to Exhibit A, wherein Advocate denies, specifically and generally, Plaintiff's allegations related to non-existent violations of the ADA.

28.   By the acts and/or omissions alleged herein, Defendant violated the ADA.

**Answer:**   Advocate denies the allegations contained in this paragraph.

29.   Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

**Answer:**   Advocate denies the allegations contained in this paragraph.

30.   As a proximate result of the foregoing facts, Plaintiff suffered pecuniary losses in the form of lost wages and fringe benefits, emotional harm, attorney's fees and the cost of this action.

**Answer:**   Advocate denies the allegations contained in this paragraph.

WHEREFORE, Defendant, Advocate Good Samaritan Hospital, respectfully requests that the Court dismiss this action with prejudice, ordering Janet Parham to pay all costs associated with this action, and granting all other relief which the Court deems just and equitable.

## COUNT V
## DISCRIMINATION BASED UPON
## MANDATORY PSYCHOLOGICAL TREATMENT

31.   Plaintiff restates and realleges all the statements made in paragraph 1 through 10 above as though fully set forth herein.

**Answer:**   Advocate restates and incorporates by reference herein the answers to paragraphs 1-10 of the Complaint.

32.   Plaintiff reiterates and realleges all of the allegations contained in Exhibit A, Section V and incorporates them by reference as if fully set forth herein.

**Answer:**   Attached hereto and incorporated by reference herein is Advocate's response to Exhibit A, wherein Advocate denies, specifically and generally, Plaintiff's allegations related to non-existent violations of the ADA.

33.   By the acts and/or omissions alleged herein, Defendant violated the ADA.

**Answer:**   Advocate denies the allegations contained in this paragraph.

34.     Defendant committed these violations of the ADA with malice or reckless indifference to the federally protected rights of Plaintiff.

**Answer:**     Advocate denies the allegations contained in this paragraph.

35.     As a proximate result of the foregoing facts, Plaintiff suffered emotional harm, attorney's fees and the cost of this action.

**Answer:**     Advocate denies the allegations contained in this paragraph.

WHEREFORE, Defendant, Advocate Good Samaritan Hospital, respectfully requests that the Court dismiss this action with prejudice, ordering Janet Parham to pay all costs associated with this action, and granting all other relief which the Court deems just and equitable.

## COUNT VI
## NEGLIGENT SUPERVISION

Defendant, Advocate Good Samaritan Hospital, has filed a Motion to Dismiss Count VI of the Complaint for negligent supervision, and therefore, no answer to this count is required at this time.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
## RIGHT TO SETOFF

1.     On information and belief, Plaintiff has been employed at different times since her termination on or about September 15, 2006.

2.     Advocate is entitled to a setoff in the amount of compensation and benefits received by the Plaintiff since her termination on or about September 15, 2006.

## SECOND AFFIRMATIVE DEFENSE
## BREAK IN CAUSATION

1.     On information and belief, Plaintiff secured employment as a registered nurse with a physician group after the termination of her employment on or about September 15, 2006.

8

2. On information and belief, the Plaintiff resigned her position and/or was terminated for cause by the physician group.

3. The Defendant's subsequent employment with the physician group establishes a break in causation, and therefore, she is not entitled to any additional accrual of damages since her employment with the physician group.

### THIRD AFFIRMATIVE DEFENSE
### MITIGATION OF DAMAGES

1. Plaintiff is a registered nurse.

2. The Chicago area has suffered a chronic shortage of registered nurses and since September 15, 2006 there have been numerous positions available for application by the Plaintiff at hospitals, hospital systems, physician groups and other healthcare providers.

3. On information and belief, the Plaintiff has failed to mitigate her damages by failing to pursue, accept and perform a job as a registered nurse.

4. The Plaintiff's failure to mitigate her damages eliminates her entitlement to damages pursuant to the ADA.

Respectfully Submitted,

ADVOCATE GOOD SAMARITAN HOSPITAL

By: /s David J. Tecson
    One of Its Attorneys

David J. Tecson
Meredith M. Casper
CHUHAK & TECSON, P.C.
30 S. Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 444-9300