# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JANET PARHAM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  08-cv-322 |
| | ) | |
| v. | ) | Honorable Judge Joan B. Gottschall |
| | ) | |
| ADVOCATE GOOD SAMARITAN | ) | Honorable Magistrate Judge Ashman |
| HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO EXHIBIT A

Defendant, Advocate Good Samaritan Hospital ("Advocate"), by and through its undersigned counsel of record, files this Answer to Exhibit A filed by the Plaintiff, and in support thereof, states as follows:

**I.    A.    ISSUE/BASIS**

Termination on September 15, 2006 because of my disability, inflammatory breast cancer.

**Answer:**    Advocate admits that it terminated Plaintiff's employment effective September 15, 2006.  Advocate denies the remaining allegations contained in this paragraph.

**B.    PRIMA FACIE ALLEGATIONS**

1.    I was employed by Respondent as a Nurse/Lactation Consultant from 1997 until I was terminated on September 15, 2006.

**Answer:**    Admitted.

2.    I am disabled within the meaning of the Americans with Disabilities Act.

**Answer:**    Advocate denies the allegations contained in this paragraph.

3.    Respondent has been aware of my disability since it was diagnosed in April 2004.

1

**Answer:**    Advocate denies that the Plaintiff had a disability pursuant to the Americans with Disabilities Act. Advocate admits that Plaintiff advised Advocate that she had cancer and cancer treatments in 2004.

4.    Due to the virulent nature of my disease, I initially underwent aggressive chemotherapy treatments prior to my mastectomy in August 2004.

**Answer:**    Advocate has insufficient knowledge to admit or deny the allegations contained in this paragraph, and therefore, said allegations are denied.

5.    I had serious and life threatening side effects from the chemotherapy, as well as serious and painful post operation complications from the mastectomy.

**Answer:**    Advocate has insufficient knowledge to admit or deny the allegations contained in this paragraph, and therefore, said allegations are denied.

6.    Following my mastectomy, I underwent radiation treatments. Due to the virulent nature of my disease, my doctors recommended that I undergo 31 treatments, as opposed to the standard 25. I suffered serious side effects from the radiation treatments.

**Answer:**    Advocate has insufficient knowledge to admit or deny the allegations contained in this paragraph, and therefore, said allegations are denied.

7.    I am currently on several medications in an effort to prevent the further metastasis of the breast cancer. These medications cause serious side effects, including but not limited to degenerative bone and joint diseases.

**Answer:**    Advocate has insufficient knowledge to admit or deny the allegations contained in this paragraph, and therefore, said allegations are denied.

8.    Despite my disability and the many serious complications which developed as a result of the disease and its treatments, I continued to work and perform my job in a satisfactory manner.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether the Plaintiff developed serious complications due to disease and treatment, and

therefore, said allegations are denied.  Advocate denies that the Plaintiff performed her

job in a satisfactory manner.

9.  However, since my diagnosis of breast cancer in 2004, my immediate supervisor,
    Marie Levy ("Levy") subjected me to discriminatory treatment based upon my
    disability, which included but is not limited to the following:

    a.  Within one week of my return to work in September 2004 following my
    mastectomy, I received a negative email from my supervisor regarding the
    proper use of my time.  Prior to this occurrence, I do not recall receiving this
    type of admonishment from Levy or any supervisors during my tenure with
    Respondent.

**Answer:**    Advocate denies that Marie Levy subjected the Plaintiff to

discriminatory treatment based on a disability.  Advocate admits that Advocate provided the

Plaintiff with an e-mail in September of 2004 related to her proper use of time, but denies

that the e-mail was negative.  Advocate has insufficient knowledge to admit or deny what

the Plaintiff can recall regarding prior admonishments, and therefore, said allegations are

denied.

    b.  I took my radiation treatments during my lunch break, so that I could
    continue to work.  At about the same time that my radiation treatments were
    ending, I received a Level 3 Warning on or about December 23, 2004 from
    my supervisor.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether the

Plaintiff took radiation treatments during her lunch break, and therefore, said allegations are

denied.  Advocate admits that the Plaintiff received a level 3 disciplinary warning on or

about December 23, 2004 for insubordination.

    c.  In February 2005, I received a "does not meet expectations" performance
    review from Levy.  All my previous reviews, by both Levy and prior
    supervisors, were "meets expectations" or "exceeds expectations".

**Answer:**     Advocate admits that the Plaintiff received a "does not meet expectations" performance review in February of 2005.  Advocate has insufficient knowledge to admit or deny whether all of the Plaintiff's previous reviews were "meets expectations" or "exceeds expectations", and therefore, said allegations are denied.

    d.    The review contained numerous unfounded accusations, anonymous hearsay statements allegedly generated by my co-workers and generalized unprofessional personal attacks upon me.  The performance review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**     Advocate admits that the Plaintiff's February 2005 employment review contained negative comments from the Plaintiff's co-workers and accurate accounts of the Plaintiff's poor job performance and negative attitude.  The remaining allegations in this paragraph are denied.

    e.    Per the review, I was required to attend three service in excellence classes and one interpersonal communication class.

**Answer:**     Advocate admits that the complainant was placed on a performance deficiency plan in February of 2005 and directed to attend a managing conflict class and three service in excellence classes.  The remaining allegations contained in this paragraph are denied.

    f.    Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**     Advocate denies the allegations contained in this paragraph.

    g.    In January 2006, I was on a medical leave of absence following a laminectomy.  Although my doctor permitted me to return to work earlier than expected and with no restrictions, my supervisor prohibited me from returning to my duties as a Lactation Consultant for the first two weeks of my return to work.

4

**Answer:**    Advocate admits that Plaintiff was on a leave from on or about

December 8, 2005 through January 22, 2006.  Advocate has insufficient knowledge to admit

or deny that the Plaintiff received a laminectomy, and therefore, said allegation is denied.

Advocate admits that the Plaintiff was on restricted duty from January 25, 2006 through

February 6, 2006.  Advocate denies that the Plaintiff's supervisor prohibited her from

returning to work.  The remaining allegations contained in this paragraph are denied.

    h.    In March 2006, I received a "does not meet expectations" performance review.  Once again, the review contained numerous unfounded accusations, anonymous hearsay statements and generalized unprofessional personal attacks upon me, along with a psychological diagnosis of "passive aggressive" to explain my behavior.  The review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**    Advocate admits that the Plaintiff received a does not meet

expectations performance review in March of 2006 which included the statement that she

was "consistently passive aggressive, and receives justified complaints from co-workers".

The remaining allegations contained in this paragraph are denied specifically and generally.

    i.    Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**    Advocate denies the allegations contained in this paragraph.

    j.    Per the performance evaluation, I was ordered to attend mandatory EAP and was placed on a Performance Deficiency Notice ("PDN").

**Answer:**    Advocate admits that the Plaintiff was required to attend EAP and

also given a performance deficiency notice.  The remaining allegations contained in this

paragraph are denied.

k.    The PDN set forth weekly meetings with my supervisor for a period of 30 days to one year and contained a litany of expectations which were unreasonable, petty, and a blatant effort to set me up for failure.

**Answer:**    Advocate admits that the PDN set forth weekly meetings with the Plaintiff's supervisor for a period of 30 days to one year. Advocate denies that the expectations for the Plaintiff were unreasonable, petty or a blatant effort to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

l.    Thereafter, I received weekly evaluations from my supervisor which were non-productive and continued to set forth a litany of expectations which were unreasonable, petty and a blatant effort to set me up for failure. For instance, one of the items in the "summary of expected level of performance" stated that "no evidence of verbal, non-verbal, defensive or insubordinate behavior toward superiors or co-workers. No evidence of anger, passive-aggressive or silent behavior."

**Answer:**    Advocate admits that the Plaintiff received weekly evaluations from her supervisor and other personnel. Advocate also admits that this paragraph appears to accurately quote a paragraph fragment from the employment expectations provided to the Plaintiff. Advocate denies that the expectations provided to the Plaintiff were "unreasonable, petty and a blatant effort" to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

10.    My non-disabled co-workers were not subjected to this type of harassment and scrutiny.

**Answer:**    Advocate denies that the Plaintiff was subjected to harassment and scrutiny, and further denies that the Plaintiff was disabled as defined by the ADA.

11.    I complained to Levy's supervisor, Aeran Garcia, on numerous occasions about this treatment. On or about March 31, 2006, I complained to Respondent's Human Resource Specialist, Julie Ott, that I believed I was being discriminated against by Levy because of my disability. I also informed Levy and Garcia that I had complained to Julie Ott of discrimination based upon my disability.

**Answer:** Advocate admits that Plaintiff complained to Aeran Garcia and Julie Ott (Human Resource Specialist). Advocate further admits that some of these complaints related to alleged disability discrimination. Advocate has insufficient knowledge to admit or deny the remaining allegations contained in this paragraph, and therefore, said allegations are denied.

12. No action was taken to ameliorate my complaints and any alleged investigation of my complaints was totally inadequate. Moreover, based upon information and belief, Respondent has grossly misconstrued my co-workers' comments about their relationship with me.

**Answer:** Advocate denies the allegations contained in this paragraph.

13. On September 15, 2006, Respondent terminated my employment.

**Answer:** Admitted.

14. I believe my termination was in violation of the Americans with Disabilities Act.

**Answer:** Advocate denies the allegations contained in this paragraph.

## II.    A.    ISSUE/BASIS

Termination on September 15, 2006 because of perceived disabilities, inflammatory breast cancer and mental illness.

**Answer:** Advocate admits that it terminated Plaintiff's employment effective September 15, 2006. Advocate denies the remaining allegations contained in this paragraph.

## B.    PRIMA FACIE ALLEGATIONS

1. I was employed by Respondent as a Nurse/Lactation Consultant from 1997 until I was terminated on September 15, 2006.

**Answer:** Admitted.

2. I am disabled within the meaning of the Americans with Disabilities Act.

**Answer:** Advocate denies the allegations contained in this paragraph.

7

3.   Respondent has been aware of my disability since it was diagnosed in April 2004.

    **Answer:**    Advocate denies that the Plaintiff had a disability pursuant to

the Americans with Disabilities Act.  Advocate admits that Plaintiff advised Advocate

that she had cancer and cancer treatments in 2004.

4.   Due to the virulent nature of my disease, I initially underwent aggressive
chemotherapy treatments prior to my mastectomy in August 2004.

    **Answer:**    Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

5.   I had serious and life threatening side effects from the chemotherapy, as well as
serious and painful post operation complications from the mastectomy.

    **Answer:**    Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

6.   Following my mastectomy, I underwent radiation treatments.  Due to the virulent
nature of my disease, my doctors recommended that I undergo 31 treatments, as
opposed to the standard 25.  I suffered serious side effects from the radiation
treatments.

    **Answer:**    Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

7.   I am currently on several medications in an effort to prevent the further metastasis of
the breast cancer.  These medications cause serious side effects, including but not
limited to degenerative bone and joint diseases.

    **Answer:**    Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

8.   Despite my disability and the many serious complications which developed as a
result of the disease and its treatments, I continued to work and perform my job in a
satisfactory manner.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether

the Plaintiff developed serious complications due to disease and treatment, and

therefore, said allegations are denied.  Advocate denies that the Plaintiff performed her

job in a satisfactory manner.

9.    However, since my diagnosis of breast cancer in 2004, my immediate supervisor,
      Marie Levy ("Levy") subjected me to discriminatory treatment based upon my
      disability, which included but is not limited to the following:

      a.    Within one week of my return to work in September 2004 following my
            mastectomy, I received a negative email from my supervisor regarding the
            proper use of my time.  Prior to this occurrence, I do not recall receiving this
            type of admonishment from Levy or any supervisors during my tenure with
            Respondent.

**Answer:**    Advocate denies that Marie Levy subjected the Plaintiff to

discriminatory treatment based on a disability.  Advocate admits that Advocate provided the

Plaintiff with an e-mail in September of 2004 related to her proper use of time, but denies

that the e-mail was negative.  Advocate has insufficient knowledge to admit or deny what

the Plaintiff can recall regarding prior admonishments, and therefore, said allegations are

denied.

      b.    I took my radiation treatments during my lunch break, so that I could
            continue to work.  At about the same time that my radiation treatments were
            ending, I received a Level 3 Warning on or about December 23, 2004 from
            my supervisor.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether the

Plaintiff took radiation treatments during her lunch break, and therefore, said allegations are

denied.  Advocate admits that the Plaintiff received a level 3 disciplinary warning on or

about December 23, 2004 for insubordination.

9

c.   In February 2005, I received a "does not meet expectations" performance review from Levy. All my previous reviews, by both Levy and prior supervisors, were "meets expectations" or "exceeds expectations".

**Answer:**    Advocate admits that the Plaintiff received a "does not meet expectations" performance review in February of 2005. Advocate has insufficient knowledge to admit or deny whether all of the Plaintiff's previous reviews were "meets expectations" or "exceeds expectations", and therefore, said allegations are denied.

d.   The review contained numerous unfounded accusations, anonymous hearsay statements allegedly generated by my co-workers and generalized unprofessional personal attacks upon me. The performance review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**    Advocate admits that the Plaintiff's February 2005 employment review contained negative comments from the Plaintiff's co-workers and accurate accounts of the Plaintiff's poor job performance and negative attitude. The remaining allegations in this paragraph are denied.

e.   Per the review, I was required to attend three service in excellence classes and one interpersonal communication class.

**Answer:**    Advocate admits that the complainant was placed on a performance deficiency plan in February of 2005 and directed to attend a managing conflict class and three service in excellence classes. The remaining allegations contained in this paragraph are denied.

f.   Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**    Advocate denies the allegations contained in this paragraph.

g.   In January 2006, I was on a medical leave of absence following a laminectomy. Although my doctor permitted me to return to work earlier

10

than expected and with no restrictions, my supervisor prohibited me from returning to my duties as a Lactation Consultant for the first two weeks of my return to work.

**Answer:**     Advocate admits that Plaintiff was on a leave from on or about

December 8, 2005 through January 22, 2006. Advocate has insufficient knowledge to admit

or deny that the Plaintiff received a laminectomy, and therefore, said allegation is denied.

Advocate admits that the Plaintiff was on restricted duty from January 25, 2006 through

February 6, 2006. Advocate denies that the Plaintiff's supervisor prohibited her from

returning to work. The remaining allegations contained in this paragraph are denied.

h.     In March 2006, I received a "does not meet expectations" performance review. Once again, the review contained numerous unfounded accusations, anonymous hearsay statements and generalized unprofessional personal attacks upon me, along with a psychological diagnosis of "passive aggressive" to explain my behavior. The review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**     Advocate admits that the Plaintiff received a does not meet

expectations performance review in March of 2006 which included the statement that she

was "consistently passive aggressive, and receives justified complaints from co-workers".

The remaining allegations contained in this paragraph are denied specifically and generally.

i.     Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**     Advocate denies the allegations contained in this paragraph.

j.     Per the performance evaluation, I was ordered to attend mandatory EAP and was placed on a Performance Deficiency Notice ("PDN").

11

**Answer:**    Advocate admits that the Plaintiff was required to attend EAP and also given a performance deficiency notice. The remaining allegations contained in this paragraph are denied.

   k.    The PDN set forth weekly meetings with my supervisor for a period of 30 days to one year and contained a litany of expectations which were unreasonable, petty, and a blatant effort to set me up for failure.

**Answer:**    Advocate admits that the PDN set forth weekly meetings with the Plaintiff's supervisor for a period of 30 days to one year. Advocate denies that the expectations for the Plaintiff were unreasonable, petty or a blatant effort to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

   l.    Thereafter, I received weekly evaluations from my supervisor which were non-productive and continued to set forth a litany of expectations which were unreasonable, petty and a blatant effort to set me up for failure. For instance, one of the items in the "summary of expected level of performance" stated that "no evidence of verbal, non-verbal, defensive or insubordinate behavior toward superiors or co-workers. No evidence of anger, passive-aggressive or silent behavior."

**Answer:**    Advocate admits that the Plaintiff received weekly evaluations from her supervisor and other personnel. Advocate also admits that this paragraph appears to accurately quote a paragraph fragment from the employment expectations provided to the Plaintiff. Advocate denies that the expectations provided to the Plaintiff were "unreasonable, petty and a blatant effort" to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

10.    My non-disabled co-workers were not subjected to this type of harassment and scrutiny.

**Answer:**    Advocate denies that the Plaintiff was subjected to harassment and scrutiny, and further denies that the Plaintiff was disabled as defined by the ADA.

12

11.   I complained to Levy's supervisor, Aeran Garcia, on numerous occasions about this treatment. On or about March 31, 2006, I complained to Respondent's Human Resource Specialist, Julie Ott, that I believed I was being discriminated against by Levy because of my disability. I also informed Levy and Garcia that I had complained to Julie Ott of discrimination based upon my disability.

**Answer:**   Advocate admits that Plaintiff complained to Aeran Garcia and Julie Ott (Human Resource Specialist). Advocate further admits that some of these complaints related to alleged disability discrimination. Advocate has insufficient knowledge to admit or deny the remaining allegations contained in this paragraph, and therefore, said allegations are denied.

12.   No action was taken to ameliorate my complaints and any alleged investigation of my complaints was totally inadequate. Moreover, based upon information and belief, Respondent has grossly misconstrued my co-workers' comments about their relationship with me.

**Answer:**   Advocate denies the allegations contained in this paragraph.

13.   On September 15, 2006, Respondent terminated my employment.

**Answer:**   Admitted.

14.   I believe my termination was in violation of the Americans with Disabilities Act.

**Answer:**   Advocate denies the allegations contained in this paragraph.

**III.   A.   ISSUE/BASIS**

Termination on September 15, 2006 because of my record of a disability, inflammatory breast cancer.

**Answer:**   Advocate admits that it terminated Plaintiff's employment effective September 15, 2006. Advocate denies the remaining allegations contained in this paragraph.

**B.   PRIMA FACIE ALLEGATIONS**

1.   I was employed by Respondent as a Nurse/Lactation Consultant from 1997 until I was terminated on September 15, 2006.

**Answer:**     Admitted.

2.     I have a record of a disability, inflammatory breast cancer, within the meaning of the Americans with Disabilities Act.

**Answer:**     Advocate denies the allegations contained in this paragraph.

3.     Respondent has been aware of my disability since it was diagnosed in April 2004.

**Answer:**     Advocate denies that the Plaintiff had a disability pursuant to

the Americans with Disabilities Act.  Advocate admits that Plaintiff advised Advocate

that she had cancer and cancer treatments in 2004.

4.     Due to the virulent nature of my disease, I initially underwent aggressive chemotherapy treatments prior to my mastectomy in August 2004.

**Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

5.     I had serious and life threatening side effects from the chemotherapy, as well as serious and painful post operation complications from the mastectomy.

**Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

6.     Following my mastectomy, I underwent radiation treatments.  Due to the virulent nature of my disease, my doctors recommended that I undergo 31 treatments, as opposed to the standard 25.  I suffered serious side effects from the radiation treatments.

**Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

7.     I am currently on several medications in an effort to prevent the further metastasis of the breast cancer.  These medications cause serious side effects, including but not limited to degenerative bone and joint diseases.

**Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

8.    Despite my disability and the many serious complications which developed as a result of the disease and its treatments, I continued to work and perform my job in a satisfactory manner.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether

the Plaintiff developed serious complications due to disease and treatment, and

therefore, said allegations are denied.  Advocate denies that the Plaintiff performed her

job in a satisfactory manner.

9.    However, since my diagnosis of breast cancer in 2004, my immediate supervisor, Marie Levy ("Levy") subjected me to discriminatory treatment based upon my disability, which included but is not limited to the following:

a.    Within one week of my return to work in September 2004 following my mastectomy, I received a negative email from my supervisor regarding the proper use of my time.  Prior to this occurrence, I do not recall receiving this type of admonishment from Levy or any supervisors during my tenure with Respondent.

**Answer:**    Advocate denies that Marie Levy subjected the Plaintiff to

discriminatory treatment based on a disability.  Advocate admits that Advocate provided the

Plaintiff with an e-mail in September of 2004 related to her proper use of time, but denies

that the e-mail was negative.  Advocate has insufficient knowledge to admit or deny what

the Plaintiff can recall regarding prior admonishments, and therefore, said allegations are

denied.

b.    I took my radiation treatments during my lunch break, so that I could continue to work.  At about the same time that my radiation treatments were ending, I received a Level 3 Warning on or about December 23, 2004 from my supervisor.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether the

Plaintiff took radiation treatments during her lunch break, and therefore, said allegations are

denied. Advocate admits that the Plaintiff received a level 3 disciplinary warning on or about December 23, 2004 for insubordination.

    c.    In February 2005, I received a "does not meet expectations" performance review from Levy. All my previous reviews, by both Levy and prior supervisors, were "meets expectations" or "exceeds expectations".

**Answer:**    Advocate admits that the Plaintiff received a "does not meet expectations" performance review in February of 2005. Advocate has insufficient knowledge to admit or deny whether all of the Plaintiff's previous reviews were "meets expectations" or "exceeds expectations", and therefore, said allegations are denied.

    d.    The review contained numerous unfounded accusations, anonymous hearsay statements allegedly generated by my co-workers and generalized unprofessional personal attacks upon me. The performance review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**    Advocate admits that the Plaintiff's February 2005 employment review contained negative comments from the Plaintiff's co-workers and accurate accounts of the Plaintiff's poor job performance and negative attitude. The remaining allegations in this paragraph are denied.

    e.    Per the review, I was required to attend three service in excellence classes and one interpersonal communication class.

**Answer:**    Advocate admits that the complainant was placed on a performance deficiency plan in February of 2005 and directed to attend a managing conflict class and three service in excellence classes. The remaining allegations contained in this paragraph are denied.

    f.    Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**    Advocate denies the allegations contained in this paragraph.

g.    In January 2006, I was on a medical leave of absence following a laminectomy. Although my doctor permitted me to return to work earlier than expected and with no restrictions, my supervisor prohibited me from returning to my duties as a Lactation Consultant for the first two weeks of my return to work.

**Answer:**    Advocate admits that Plaintiff was on a leave from on or about

December 8, 2005 through January 22, 2006. Advocate has insufficient knowledge to admit

or deny that the Plaintiff received a laminectomy, and therefore, said allegation is denied.

Advocate admits that the Plaintiff was on restricted duty from January 25, 2006 through

February 6, 2006. Advocate denies that the Plaintiff's supervisor prohibited her from

returning to work. The remaining allegations contained in this paragraph are denied.

h.    In March 2006, I received a "does not meet expectations" performance review. Once again, the review contained numerous unfounded accusations, anonymous hearsay statements and generalized unprofessional personal attacks upon me, along with a psychological diagnosis of "passive aggressive" to explain my behavior. The review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**    Advocate admits that the Plaintiff received a does not meet

expectations performance review in March of 2006 which included the statement that she

was "consistently passive aggressive, and receives justified complaints from co-workers".

The remaining allegations contained in this paragraph are denied specifically and generally.

i.    Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**    Advocate denies the allegations contained in this paragraph.

j.    Per the performance evaluation, I was ordered to attend mandatory EAP and was placed on a Performance Deficiency Notice ("PDN").

17

**Answer:**     Advocate admits that the Plaintiff was required to attend EAP and also given a performance deficiency notice. The remaining allegations contained in this paragraph are denied.

     k.    The PDN set forth weekly meetings with my supervisor for a period of 30 days to one year and contained a litany of expectations which were unreasonable, petty, and a blatant effort to set me up for failure.

**Answer:**     Advocate admits that the PDN set forth weekly meetings with the Plaintiff's supervisor for a period of 30 days to one year. Advocate denies that the expectations for the Plaintiff were unreasonable, petty or a blatant effort to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

     l.    Thereafter, I received weekly evaluations from my supervisor which were non-productive and continued to set forth a litany of expectations which were unreasonable, petty and a blatant effort to set me up for failure. For instance, one of the items in the "summary of expected level of performance" stated that "no evidence of verbal, non-verbal, defensive or insubordinate behavior toward superiors or co-workers. No evidence of anger, passive-aggressive or silent behavior."

**Answer:**     Advocate admits that the Plaintiff received weekly evaluations from her supervisor and other personnel. Advocate also admits that this paragraph appears to accurately quote a paragraph fragment from the employment expectations provided to the Plaintiff. Advocate denies that the expectations provided to the Plaintiff were "unreasonable, petty and a blatant effort" to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

10.    My non-disabled co-workers were not subjected to this type of harassment and scrutiny.

**Answer:**     Advocate denies that the Plaintiff was subjected to harassment and scrutiny, and further denies that the Plaintiff was disabled as defined by the ADA.

11.    I complained to Levy's supervisor, Aeran Garcia, on numerous occasions about this treatment. On or about March 31, 2006, I complained to Respondent's Human Resource Specialist, Julie Ott, that I believed I was being discriminated against by Levy because of my disability. I also informed Levy and Garcia that I had complained to Julie Ott of discrimination based upon my disability.

   **Answer:**    Advocate admits that Plaintiff complained to Aeran Garcia and Julie

Ott (Human Resource Specialist). Advocate further admits that some of these complaints

related to alleged disability discrimination. Advocate has insufficient knowledge to admit or

deny the remaining allegations contained in this paragraph, and therefore, said allegations

are denied.

12.    No action was taken to ameliorate my complaints and any alleged investigation of my complaints was totally inadequate. Moreover, based upon information and belief, Respondent has grossly misconstrued my co-workers' comments about their relationship with me.

   **Answer:**    Advocate denies the allegations contained in this paragraph.

13.    On September 15, 2006, Respondent terminated my employment.

   **Answer:**    Admitted.

14.    I believe my termination was in violation of the Americans with Disabilities Act.

   **Answer:**    Advocate denies the allegations contained in this paragraph.

## IV.    A.    ISSUE/BASIS

Termination on September 15, 2006 in retaliation for complaining of disability

discrimination.

   **Answer:**    Advocate admits that it terminated Plaintiff's employment effective

September 15, 2006. Advocate denies the remaining allegations contained in this paragraph.

## B.    PRIMA FACIE ALLEGATIONS

1.    I was employed by Respondent as a Nurse/Lactation Consultant from 1997 until I was terminated on September 15, 2006.

**Answer:**     Admitted.

2.     I am disabled within the meaning of the Americans with Disabilities Act.

**Answer:**     Advocate denies the allegations contained in this paragraph.

3.     Respondent has been aware of my disability since it was diagnosed in April 2004.

**Answer:**     Advocate denies that the Plaintiff had a disability pursuant to

the Americans with Disabilities Act.  Advocate admits that Plaintiff advised Advocate

that she had cancer and cancer treatments in 2004.

4.     Due to the virulent nature of my disease, I initially underwent aggressive
        chemotherapy treatments prior to my mastectomy in August 2004.

**Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

5.     I had serious and life threatening side effects from the chemotherapy, as well as
        serious and painful post operation complications from the mastectomy.

**Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

6.     Following my mastectomy, I underwent radiation treatments.  Due to the virulent
        nature of my disease, my doctors recommended that I undergo 31 treatments, as
        opposed to the standard 25.  I suffered serious side effects from the radiation
        treatments.

**Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

7.     I am currently on several medications in an effort to prevent the further metastasis of
        the breast cancer.  These medications cause serious side effects, including but not
        limited to degenerative bone and joint diseases.

**Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

8.    Despite my disability and the many serious complications which developed as a result of the disease and its treatments, I continued to work and perform my job in a satisfactory manner.

     **Answer:**    Advocate has insufficient knowledge to admit or deny whether

the Plaintiff developed serious complications due to disease and treatment, and

therefore, said allegations are denied.  Advocate denies that the Plaintiff performed her

job in a satisfactory manner.

9.    However, since my diagnosis of breast cancer in 2004, my immediate supervisor, Marie Levy ("Levy") subjected me to discriminatory treatment based upon my disability, which included but is not limited to the following:

     a.    Within one week of my return to work in September 2004 following my mastectomy, I received a negative email from my supervisor regarding the proper use of my time.  Prior to this occurrence, I do not recall receiving this type of admonishment from Levy or any supervisors during my tenure with Respondent.

     **Answer:**    Advocate denies that Marie Levy subjected the Plaintiff to

discriminatory treatment based on a disability.  Advocate admits that Advocate provided the

Plaintiff with an e-mail in September of 2004 related to her proper use of time, but denies

that the e-mail was negative.  Advocate has insufficient knowledge to admit or deny what

the Plaintiff can recall regarding prior admonishments, and therefore, said allegations are

denied.

     b.    I took my radiation treatments during my lunch break, so that I could continue to work.  At about the same time that my radiation treatments were ending, I received a Level 3 Warning on or about December 23, 2004 from my supervisor.

     **Answer:**    Advocate has insufficient knowledge to admit or deny whether the

Plaintiff took radiation treatments during her lunch break, and therefore, said allegations are

denied. Advocate admits that the Plaintiff received a level 3 disciplinary warning on or

about December 23, 2004 for insubordination.

      c.      In February 2005, I received a "does not meet expectations" performance
review from Levy. All my previous reviews, by both Levy and prior
supervisors, were "meets expectations" or "exceeds expectations".

**Answer:**     Advocate admits that the Plaintiff received a "does not meet

expectations" performance review in February of 2005. Advocate has insufficient

knowledge to admit or deny whether all of the Plaintiff's previous reviews were "meets

expectations" or "exceeds expectations", and therefore, said allegations are denied.

      d.      The review contained numerous unfounded accusations, anonymous hearsay
statements allegedly generated by my co-workers and generalized
unprofessional personal attacks upon me. The performance review also
contained exaggerated and inaccurate accounts of typical work place issues
that arise in a hospital setting.

**Answer:**     Advocate admits that the Plaintiff's February 2005 employment

review contained negative comments from the Plaintiff's co-workers and accurate accounts

of the Plaintiff's poor job performance and negative attitude. The remaining allegations in

this paragraph are denied.

      e.      Per the review, I was required to attend three service in excellence classes
and one interpersonal communication class.

**Answer:**     Advocate admits that the complainant was placed on a performance

deficiency plan in February of 2005 and directed to attend a managing conflict class and

three service in excellence classes. The remaining allegations contained in this paragraph

are denied.

      f.      Based upon information and belief, the statements attributed to my co-
workers were taken out of context and grossly misconstrued by my
supervisor.

**Answer:**    Advocate denies the allegations contained in this paragraph.

g.    In January 2006, I was on a medical leave of absence following a laminectomy. Although my doctor permitted me to return to work earlier than expected and with no restrictions, my supervisor prohibited me from returning to my duties as a Lactation Consultant for the first two weeks of my return to work.

**Answer:**    Advocate admits that Plaintiff was on a leave from on or about

December 8, 2005 through January 22, 2006. Advocate has insufficient knowledge to admit

or deny that the Plaintiff received a laminectomy, and therefore, said allegation is denied.

Advocate admits that the Plaintiff was on restricted duty from January 25, 2006 through

February 6, 2006. Advocate denies that the Plaintiff's supervisor prohibited her from

returning to work. The remaining allegations contained in this paragraph are denied.

h.    In March 2006, I received a "does not meet expectations" performance review. Once again, the review contained numerous unfounded accusations, anonymous hearsay statements and generalized unprofessional personal attacks upon me, along with a psychological diagnosis of "passive aggressive" to explain my behavior. The review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**    Advocate admits that the Plaintiff received a does not meet

expectations performance review in March of 2006 which included the statement that she

was "consistently passive aggressive, and receives justified complaints from co-workers".

The remaining allegations contained in this paragraph are denied specifically and generally.

i.    Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**    Advocate denies the allegations contained in this paragraph.

j.    Per the performance evaluation, I was ordered to attend mandatory EAP and was placed on a Performance Deficiency Notice ("PDN").

**Answer:**    Advocate admits that the Plaintiff was required to attend EAP and also given a performance deficiency notice. The remaining allegations contained in this paragraph are denied.

  k.    The PDN set forth weekly meetings with my supervisor for a period of 30 days to one year and contained a litany of expectations which were unreasonable, petty, and a blatant effort to set me up for failure.

**Answer:**    Advocate admits that the PDN set forth weekly meetings with the Plaintiff's supervisor for a period of 30 days to one year. Advocate denies that the expectations for the Plaintiff were unreasonable, petty or a blatant effort to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

  l.    Thereafter, I received weekly evaluations from my supervisor which were non-productive and continued to set forth a litany of expectations which were unreasonable, petty and a blatant effort to set me up for failure. For instance, one of the items in the "summary of expected level of performance" stated that "no evidence of verbal, non-verbal, defensive or insubordinate behavior toward superiors or co-workers. No evidence of anger, passive-aggressive or silent behavior."

**Answer:**    Advocate admits that the Plaintiff received weekly evaluations from her supervisor and other personnel. Advocate also admits that this paragraph appears to accurately quote a paragraph fragment from the employment expectations provided to the Plaintiff. Advocate denies that the expectations provided to the Plaintiff were "unreasonable, petty and a blatant effort" to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

10.    My non-disabled co-workers were not subjected to this type of harassment and scrutiny.

**Answer:**    Advocate denies that the Plaintiff was subjected to harassment and scrutiny, and further denies that the Plaintiff was disabled as defined by the ADA.

24

11.    I complained to Levy's supervisor, Aeran Garcia, on numerous occasions about this treatment. On or about March 31, 2006, I complained to Respondent's Human Resource Specialist, Julie Ott, that I believed I was being discriminated against by Levy because of my disability. I also informed Levy and Garcia that I had complained to Julie Ott of discrimination based upon my disability.

   **Answer:**    Advocate admits that Plaintiff complained to Aeran Garcia and Julie Ott (Human Resource Specialist). Advocate further admits that some of these complaints related to alleged disability discrimination. Advocate has insufficient knowledge to admit or deny the remaining allegations contained in this paragraph, and therefore, said allegations are denied.

12.    No action was taken to ameliorate my complaints and any alleged investigation of my complaints was totally inadequate. Moreover, based upon information and belief, Respondent has grossly misconstrued my co-workers' comments about their relationship with me.

   **Answer:**    Advocate denies the allegations contained in this paragraph.

13.    On September 15, 2006, Respondent terminated my employment.

   **Answer:**    Admitted.

14.    I believe my termination was in violation of the Americans with Disabilities Act.

   **Answer:**    Advocate denies the allegations contained in this paragraph.

## V.    A.    ISSUE/BASIS

Discrimination based upon mandatory EAP counseling.

   **Answer:**    Advocate denies the allegations contained in this paragraph.

## B.    PRIMA FACIE CASE

1.    I was employed by Respondent as a Nurse/Lactation Consultant from 1997 until I was terminated on September 15, 2006.

   **Answer:**    Admitted.

2.      I have a record of a disability, inflammatory breast cancer, within the meaning of the Americans with Disabilities Act.

      **Answer:**     Advocate denies the allegations contained in this paragraph.

3.      Respondent has been aware of my disability since it was diagnosed in April 2004.

      **Answer:**     Advocate denies that the Plaintiff had a disability pursuant to

the Americans with Disabilities Act.  Advocate admits that Plaintiff advised Advocate

that she had cancer and cancer treatments in 2004.

4.      Due to the virulent nature of my disease, I initially underwent aggressive chemotherapy treatments prior to my mastectomy in August 2004.

      **Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

5.      I had serious and life threatening side effects from the chemotherapy, as well as serious and painful post operation complications from the mastectomy.

      **Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

6.      Following my mastectomy, I underwent radiation treatments.  Due to the virulent nature of my disease, my doctors recommended that I undergo 31 treatments, as opposed to the standard 25.  I suffered serious side effects from the radiation treatments.

      **Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

7.      I am currently on several medications in an effort to prevent the further metastasis of the breast cancer.  These medications cause serious side effects, including but not limited to degenerative bone and joint diseases.

      **Answer:**     Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

8.    Despite my disability and the many serious complications which developed as a result of the disease and its treatments, I continued to work and perform my job in a satisfactory manner.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether

the Plaintiff developed serious complications due to disease and treatment, and

therefore, said allegations are denied.  Advocate denies that the Plaintiff performed her

job in a satisfactory manner.

9.    However, since my diagnosis of breast cancer in 2004, my immediate supervisor, Marie Levy ("Levy") subjected me to discriminatory treatment based upon my disability, which included but is not limited to the following:

a.    Within one week of my return to work in September 2004 following my mastectomy, I received a negative email from my supervisor regarding the proper use of my time.  Prior to this occurrence, I do not recall receiving this type of admonishment from Levy or any supervisors during my tenure with Respondent.

**Answer:**    Advocate denies that Marie Levy subjected the Plaintiff to

discriminatory treatment based on a disability.  Advocate admits that Advocate provided the

Plaintiff with an e-mail in September of 2004 related to her proper use of time, but denies

that the e-mail was negative.  Advocate has insufficient knowledge to admit or deny what

the Plaintiff can recall regarding prior admonishments, and therefore, said allegations are

denied.

b.    I took my radiation treatments during my lunch break, so that I could continue to work.  At about the same time that my radiation treatments were ending, I received a Level 3 Warning on or about December 23, 2004 from my supervisor.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether the

Plaintiff took radiation treatments during her lunch break, and therefore, said allegations are

27

denied.  Advocate admits that the Plaintiff received a level 3 disciplinary warning on or

about December 23, 2004 for insubordination.

      c.      In February 2005, I received a "does not meet expectations" performance
review from Levy.  All my previous reviews, by both Levy and prior
supervisors, were "meets expectations" or "exceeds expectations".

      **Answer:**      Advocate admits that the Plaintiff received a "does not meet

expectations" performance review in February of 2005.  Advocate has insufficient

knowledge to admit or deny whether all of the Plaintiff's previous reviews were "meets

expectations" or "exceeds expectations", and therefore, said allegations are denied.

      d.      The review contained numerous unfounded accusations, anonymous hearsay
statements allegedly generated by my co-workers and generalized
unprofessional personal attacks upon me.  The performance review also
contained exaggerated and inaccurate accounts of typical work place issues
that arise in a hospital setting.

      **Answer:**      Advocate admits that the Plaintiff's February 2005 employment

review contained negative comments from the Plaintiff's co-workers and accurate accounts

of the Plaintiff's poor job performance and negative attitude.  The remaining allegations in

this paragraph are denied.

      e.      Per the review, I was required to attend three service in excellence classes
and one interpersonal communication class.

      **Answer:**      Advocate admits that the complainant was placed on a performance

deficiency plan in February of 2005 and directed to attend a managing conflict class and

three service in excellence classes.  The remaining allegations contained in this paragraph

are denied.

      f.      Based upon information and belief, the statements attributed to my co-
workers were taken out of context and grossly misconstrued by my
supervisor.

28

**Answer:**    Advocate denies the allegations contained in this paragraph.

g.    In January 2006, I was on a medical leave of absence following a laminectomy. Although my doctor permitted me to return to work earlier than expected and with no restrictions, my supervisor prohibited me from returning to my duties as a Lactation Consultant for the first two weeks of my return to work.

**Answer:**    Advocate admits that Plaintiff was on a leave from on or about

December 8, 2005 through January 22, 2006. Advocate has insufficient knowledge to admit

or deny that the Plaintiff received a laminectomy, and therefore, said allegation is denied.

Advocate admits that the Plaintiff was on restricted duty from January 25, 2006 through

February 6, 2006. Advocate denies that the Plaintiff's supervisor prohibited her from

returning to work. The remaining allegations contained in this paragraph are denied.

h.    In March 2006, I received a "does not meet expectations" performance review. Once again, the review contained numerous unfounded accusations, anonymous hearsay statements and generalized unprofessional personal attacks upon me, along with a psychological diagnosis of "passive aggressive" to explain my behavior. The review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**    Advocate admits that the Plaintiff received a does not meet

expectations performance review in March of 2006 which included the statement that she

was "consistently passive aggressive, and receives justified complaints from co-workers".

The remaining allegations contained in this paragraph are denied specifically and generally.

i.    Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**    Advocate denies the allegations contained in this paragraph.

j.    Per the performance evaluation, I was ordered to attend mandatory EAP and was placed on a Performance Deficiency Notice ("PDN").

29

**Answer:**    Advocate admits that the Plaintiff was required to attend EAP and also given a performance deficiency notice. The remaining allegations contained in this paragraph are denied.

k.   The PDN set forth weekly meetings with my supervisor for a period of 30 days to one year and contained a litany of expectations which were unreasonable, petty, and a blatant effort to set me up for failure.

**Answer:**    Advocate admits that the PDN set forth weekly meetings with the Plaintiff's supervisor for a period of 30 days to one year. Advocate denies that the expectations for the Plaintiff were unreasonable, petty or a blatant effort to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

l.   Thereafter, I received weekly evaluations from my supervisor which were non-productive and continued to set forth a litany of expectations which were unreasonable, petty and a blatant effort to set me up for failure. For instance, one of the items in the "summary of expected level of performance" stated that "no evidence of verbal, non-verbal, defensive or insubordinate behavior toward superiors or co-workers. No evidence of anger, passive-aggressive or silent behavior."

**Answer:**    Advocate admits that the Plaintiff received weekly evaluations from her supervisor and other personnel. Advocate also admits that this paragraph appears to accurately quote a paragraph fragment from the employment expectations provided to the Plaintiff. Advocate denies that the expectations provided to the Plaintiff were "unreasonable, petty and a blatant effort" to set up the Plaintiff for failure. The remaining allegations contained in this paragraph are denied.

10.   My non-disabled co-workers were not subjected to this type of harassment and scrutiny.

**Answer:**    Advocate denies that the Plaintiff was subjected to harassment and scrutiny, and further denies that the Plaintiff was disabled as defined by the ADA.

30

11.    I complained to Levy's supervisor, Aeran Garcia, on numerous occasions about this treatment. On or about March 31, 2006, I complained to Respondent's Human Resource Specialist, Julie Ott, that I believed I was being discriminated against by Levy because of my disability. I also informed Levy and Garcia that I had complained to Julie Ott of discrimination based upon my disability.

**Answer:**    Advocate admits that Plaintiff complained to Aeran Garcia and Julie Ott (Human Resource Specialist). Advocate further admits that some of these complaints related to alleged disability discrimination. Advocate has insufficient knowledge to admit or deny the remaining allegations contained in this paragraph, and therefore, said allegations are denied.

12.    No action was taken to ameliorate my complaints and any alleged investigation of my complaints was totally inadequate. Moreover, based upon information and belief, Respondent has grossly misconstrued my co-workers' comments about their relationship with me.

**Answer:**    Advocate denies the allegations contained in this paragraph.

13.    On September 15, 2006, Respondent terminated my employment.

**Answer:**    Admitted.

14.    I believe my termination was in violation of the Americans with Disabilities Act.

**Answer:**    Advocate denies the allegations contained in this paragraph.

## IV.    A.    ISSUE/BASIS

Termination on September 15, 2006 in retaliation for complaining of disability discrimination.

**Answer:**    Advocate admits that it terminated Plaintiff's employment effective September 15, 2006. Advocate denies the remaining allegations contained in this paragraph.

## B.    PRIMA FACIE ALLEGATIONS

1.    I was employed by Respondent as a Nurse/Lactation Consultant from 1997 until I was terminated on September 15, 2006.

31

**Answer:**    Admitted.

2.    I am disabled within the meaning of the Americans with Disabilities Act.

**Answer:**    The allegations contained in this paragraph are denied.

3.    Respondent has been aware of my disability since it was diagnosed in April 2004.

**Answer:**    Advocate denies that the Plaintiff had a disability pursuant to

the Americans with Disabilities Act.  Advocate admits that Plaintiff advised Advocate

that she had cancer and cancer treatments in 2004.

4.    Due to the virulent nature of my disease, I initially underwent aggressive
chemotherapy treatments prior to my mastectomy in August 2004.

**Answer:**    Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

5.    I had serious and life threatening side effects from the chemotherapy, as well as
serious and painful post operation complications from the mastectomy.

**Answer:**    Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

6.    Following my mastectomy, I underwent radiation treatments.  Due to the virulent
nature of my disease, my doctors recommended that I undergo 31 treatments, as
opposed to the standard 25.  I suffered serious side effects from the radiation
treatments.

**Answer:**    Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

7.    I am currently on several medications in an effort to prevent the further metastasis of
the breast cancer.  These medications cause serious side effects, including but not
limited to degenerative bone and joint diseases.

**Answer:**    Advocate has insufficient knowledge to admit or deny the allegations

contained in this paragraph, and therefore, said allegations are denied.

32

8.    Despite my disability and the many serious complications which developed as a result of the disease and its treatments, I continued to work and perform my job in a satisfactory manner.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether

the Plaintiff developed serious complications due to disease and treatment, and

therefore, said allegations are denied.  Advocate denies that the Plaintiff performed her

job in a satisfactory manner.

9.    However, since my diagnosis of breast cancer in 2004, my immediate supervisor, Marie Levy ("Levy") subjected me to discriminatory treatment based upon my disability, which included but is not limited to the following:

a.    Within one week of my return to work in September 2004 following my mastectomy, I received a negative email from my supervisor regarding the proper use of my time.  Prior to this occurrence, I do not recall receiving this type of admonishment from Levy or any supervisors during my tenure with Respondent.

**Answer:**    Advocate denies that Marie Levy subjected the Plaintiff to

discriminatory treatment based on a disability.  Advocate admits that Advocate provided the

Plaintiff with an e-mail in September of 2004 related to her proper use of time, but denies

that the e-mail was negative.  Advocate has insufficient knowledge to admit or deny what

the Plaintiff can recall regarding prior admonishments, and therefore, said allegations are

denied.

b.    I took my radiation treatments during my lunch break, so that I could continue to work.  At about the same time that my radiation treatments were ending, I received a Level 3 Warning on or about December 23, 2004 from my supervisor.

**Answer:**    Advocate has insufficient knowledge to admit or deny whether the

Plaintiff took radiation treatments during her lunch break, and therefore, said allegations are

denied.  Advocate admits that the Plaintiff received a level 3 disciplinary warning on or

about December 23, 2004 for insubordination.

      c.    In February 2005, I received a "does not meet expectations" performance review from Levy.  All my previous reviews, by both Levy and prior supervisors, were "meets expectations" or "exceeds expectations".

    **Answer:**    Advocate admits that the Plaintiff received a "does not meet

expectations" performance review in February of 2005.  Advocate has insufficient

knowledge to admit or deny whether all of the Plaintiff's previous reviews were "meets

expectations" or "exceeds expectations", and therefore, said allegations are denied.

      d.    The review contained numerous unfounded accusations, anonymous hearsay statements allegedly generated by my co-workers and generalized unprofessional personal attacks upon me.  The performance review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

    **Answer:**    Advocate admits that the Plaintiff's February 2005 employment

review contained negative comments from the Plaintiff's co-workers and accurate accounts

of the Plaintiff's poor job performance and negative attitude.  The remaining allegations in

this paragraph are denied.

      e.    Per the review, I was required to attend three service in excellence classes and one interpersonal communication class.

    **Answer:**    Advocate admits that the complainant was placed on a performance

deficiency plan in February of 2005 and directed to attend a managing conflict class and

three service in excellence classes.  The remaining allegations contained in this paragraph

are denied.

      f.    Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

34

**Answer:**    Advocate denies the allegations contained in this paragraph.

g.    In January 2006, I was on a medical leave of absence following a laminectomy. Although my doctor permitted me to return to work earlier than expected and with no restrictions, my supervisor prohibited me from returning to my duties as a Lactation Consultant for the first two weeks of my return to work.

**Answer:**    Advocate admits that Plaintiff was on a leave from on or about

December 8, 2005 through January 22, 2006. Advocate has insufficient knowledge to admit

or deny that the Plaintiff received a laminectomy, and therefore, said allegation is denied.

Advocate admits that the Plaintiff was on restricted duty from January 25, 2006 through

February 6, 2006. Advocate denies that the Plaintiff's supervisor prohibited her from

returning to work. The remaining allegations contained in this paragraph are denied.

h.    In March 2006, I received a "does not meet expectations" performance review. Once again, the review contained numerous unfounded accusations, anonymous hearsay statements and generalized unprofessional personal attacks upon me, along with a psychological diagnosis of "passive aggressive" to explain my behavior. The review also contained exaggerated and inaccurate accounts of typical work place issues that arise in a hospital setting.

**Answer:**    Advocate admits that the Plaintiff received a does not meet

expectations performance review in March of 2006 which included the statement that she

was "consistently passive aggressive, and receives justified complaints from co-workers".

The remaining allegations contained in this paragraph are denied specifically and generally.

i.    Based upon information and belief, the statements attributed to my co-workers were taken out of context and grossly misconstrued by my supervisor.

**Answer:**    Advocate denies the allegations contained in this paragraph.

j.    Per the performance evaluation, I was ordered to attend mandatory EAP and was placed on a Performance Deficiency Notice ("PDN").

35

**Answer:**      Advocate admits that the Plaintiff was required to attend EAP and

also given a performance deficiency notice.  The remaining allegations contained in this

paragraph are denied.

    k.    The PDN set forth weekly meetings with my supervisor for a period of 30 days to one year and contained a litany of expectations which were unreasonable, petty, and a blatant effort to set me up for failure.

**Answer:**      Advocate admits that the PDN set forth weekly meetings with the

Plaintiff's supervisor for a period of 30 days to one year.  Advocate denies that the

expectations for the Plaintiff were unreasonable, petty or a blatant effort to set up the

Plaintiff for failure.  The remaining allegations contained in this paragraph are denied.

    l.    Thereafter, I received weekly evaluations from my supervisor which were non-productive and continued to set forth a litany of expectations which were unreasonable, petty and a blatant effort to set me up for failure.  For instance, one of the items in the "summary of expected level of performance" stated that "no evidence of verbal, non-verbal, defensive or insubordinate behavior toward superiors or co-workers.  No evidence of anger, passive-aggressive or silent behavior."

**Answer:**      Advocate admits that the Plaintiff received weekly evaluations from

her supervisor and other personnel.  Advocate also admits that this paragraph appears to

accurately quote a paragraph fragment from the  employment expectations provided to the

Plaintiff.  Advocate denies that the expectations provided to the Plaintiff were

"unreasonable, petty and a blatant effort" to set up the Plaintiff for failure.  The remaining

allegations contained in this paragraph are denied.

10.    My non-disabled co-workers were not subjected to this type of harassment and scrutiny.

**Answer:**      Advocate denies that the Plaintiff was subjected to harassment and

scrutiny, and further denies that the Plaintiff was disabled as defined by the ADA.

11.   I complained to Levy's supervisor, Aeran Garcia, on numerous occasions about this treatment. On or about March 31, 2006, I complained to Respondent's Human Resource Specialist, Julie Ott, that I believed I was being discriminated against by Levy because of my disability. I also informed Levy and Garcia that I had complained to Julie Ott of discrimination based upon my disability.

**Answer:**    Advocate admits that Plaintiff complained to Aeran Garcia and Julie

Ott (Human Resource Specialist). Advocate further admits that some of these complaints

related to alleged disability discrimination. Advocate has insufficient knowledge to admit or

deny the remaining allegations contained in this paragraph, and therefore, said allegations

are denied.

12.   No action was taken to ameliorate my complaints and any alleged investigation of my complaints was totally inadequate. Moreover, based upon information and belief, Respondent has grossly misconstrued my co-workers' comments about their relationship with me.

**Answer:**    Advocate denies the allegations contained in this paragraph.

13.   On September 15, 2006, Respondent terminated my employment.

**Answer:**    Admitted.

14.   I believe my termination was in violation of the Americans with Disabilities Act.

**Answer:**    Advocate denies the allegations contained in this paragraph.

Respectfully Submitted,

ADVOCATE GOOD SAMARITAN HOSPITAL


By:____/s David J. Tecson_____
        One of Their Attorneys

David J. Tecson
Meredith M. Casper
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300