IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANET PARHAM, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 322 |
| ) | |
| v. ) | Judge Gottschall |
| ) | Magistrate Judge Ashman |
| ADVOCATE GOOD SAMARITAN ) | |
| HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ADVOCATE GOOD SAMARITAN HOSPITAL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT**

Defendant, Advocate Good Samaritan Hospital ("Advocate"), by and through its undersigned counsel of record, and for its memorandum in support of its Motion to Dismiss Count VI of Plaintiff's Complaint, states as follows:

**I.    INTRODUCTION**

Janet Parham ("Plaintiff" or "Parham") filed this action alleging violations of the Americans with Disabilities Act ("ADA"). Plaintiff's Complaint alleges discrimination based on disability (Count I), discrimination based on perceived disability (Count II), discrimination based on a record of disability (Count III), retaliation in violation of the ADA (Count IV), and discrimination based on mandatory psychological treatment in violation of the ADA (Count V). (Plaintiff's Complaint is attached hereto as Exhibit 1, which incorporates by reference her attachment to her EEOC charge referred to hereinafter as "Attachment to Charge".)

Plaintiff's Attachment to Charge alleges that she was diagnosed with cancer in April of 2004, underwent chemotherapy treatments and a mastectomy in August of 2004, and returned to work in September of 2004. (Attachment to Charge, ¶3-4 and 9(a)). The five ADA Counts arise

out of the same operative facts. Plaintiff repeatedly alleges in her Attachment to Charge that her supervisor, Marie Levy, subjected her to discriminatory treatment which included overly critical performance reviews and unfair performance deficiency notices, resulting in Advocate's termination of the Plaintiff on September 15, 2006.

Plaintiff's Count VI for negligent supervision merely recites the paragraphs from previous counts and alleges that Advocate failed to exercise reasonable care in supervising the Plaintiff's supervisor. As such, Plaintiff cannot state a claim which is independent of the Americans with Disabilities Act, and the preemptive scope of the Illinois Human Rights Act. For the reasons set forth below, Plaintiff's claim for negligent supervision is preempted by the Illinois Human Rights Act and therefore, this Court lacks subject matter jurisdiction over this claim. Plaintiff's Count VI for negligent supervision is also barred by the exclusive remedy provision of the Illinois Workers' Compensation Act.

## II. PLAINTIFF'S COMPLAINT AND ATTACHMENT TO HER EEOC CHARGE

In her Complaint and the Attachment to her EEOC Charge, Parham alleges that she was employed by Advocate as a Lactation Consultant from 1997 until she was terminated on September 15, 2006. (*See, generally*, Attachment to Charge). Parham was diagnosed with breast cancer in April 2004 and underwent chemotherapy and had a mastectomy in August 2004. (Attachment to Charge, ¶3-4). Subsequently, Parham underwent radiation treatments and suffered side effects from the treatments. (Attachment to Charge, ¶6). In spite of her condition, Parham alleges that she continued to perform her job in a satisfactory manner when she returned to work. (Attachment to Charge, ¶8).

As the basis for all of her claims, Parham alleges that from the time she returned to work in 2004 through her termination in September 2006, her immediate supervisor, Marie Levy,

2

subjected her to alleged discriminatory treatment based on her disability. (Attachment to Charge, ¶9). Parham alleges a series of discriminatory acts, including negative emails regarding her proper use of time, negative performance reviews with allegedly unprofessional and personal attacks, not being allowed to return to work in January 2006 for two weeks after she was cleared to return by her doctor, being required to attend mandatory EAP counseling, negative weekly evaluations, and being terminated in September 2006. (*Id.*).

In support of her negligent supervision claim, Plaintiff asserts that Advocate "had a duty to supervise its employees, including but not limited to Marie Levey" and "failed to use reasonable care in its supervision of Marie Levey." (Complaint, ¶¶37-38). Specifically, Plaintiff alleges that she complained about Marie Levey's actions to her supervisor, Aeran Garcia, on numerous occasions. (Attachment to Charge, ¶11). She also complained to Julie Ott, a Human Resource Specialist, on or about March 31, 2006. (*Id.*). Despite these complaints, Parham asserts that no action was taken to ameliorate the situation. (Attachment to Charge, ¶12). As damages for Advocate's alleged negligent supervision, Plaintiff seeks front pay, back pay, interest, attorneys' fees, litigation costs, and punitive damages. (Complaint, Prayer for Relief).

### III.  ARGUMENT

#### A.  Standard of Review

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court "must accept the complaint's well pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Johnson v. Chicago Board of Education*, 2002 WL 1769976, *1 (N.D. Ill. 2002) (Nordberg, J.). "A motion to dismiss tests the sufficiency of the complaint, not its merits." *Id.* "Nevertheless, the plaintiff has the obligation to establish the jurisdiction by competent proof." *Id.*

B.  **The Illinois Human Rights Act deprives this Court of subject matter jurisdiction over Plaintiff's state law claim for negligent supervision.**

The exclusive remedy provision of the Illinois Human Rights Act ("IHRA") deprives this Court of subject matter jurisdiction over Plaintiff's state law claim for negligent supervision (Count VI) and mandates dismissal of that claim. The IHRA prohibits unlawful discrimination based on an individual's disability (775 ILCS 5/8-111(C) (West 2008)); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) ("The IHRA prohibits employment discrimination based on a person's handicap."). "The IHRA preempts all state law claims 'seeking redress for a civil rights violation within the meaning of [that] statute.' " *Krocka*, 203 F.3d at 516, citing *Giese v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 516, 639 N.E.2d 1273, 1276 (Ill. 1994). Specifically, the IHRA contains an exclusive remedy provision: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." *Dorado v. Aargus Security Systems, Inc.*, 2002 WL 230776, *6 (N.D. Ill. 2002) (Gottschall, J.), *citing* 775 ILCS 5/8-111(D) (West 2008). Thus, Illinois state courts and federal courts, exercising supplemental jurisdiction over state law claims, lack subject matter jurisdiction over state law claims that seek redress of a civil rights violation covered by the IHRA. *Dorado,* 2002 WL at *6.

The Illinois Supreme Court clarified the standard for determining whether a common law claim is preempted under the IHRA in *Maksimovic v. Tsogalis,* 177 Ill.2d 511, 517, 687 N.E.2d 21, 23 (Ill. 1997). Whether a court may exercise jurisdiction over a tort claim "depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F.Supp.2d 951, 955 (N.D. Ill. 2002) (Gottschall, J.), *citing Maksimovic,* 177 Ill.2d at 517, 687 N.E.2d at 23. Applying this standard, the Seventh Circuit and the Northern District of

Illinois have consistently dismissed state tort law claims when the only basis for such claims is the IHRA. *Krocka*, 203 F.3d at 517 (7th Cir. 2000) (granting dismissal after finding that the allegations that served as the basis of the plaintiff's intentional infliction of emotional distress claim were inextricably linked to the plaintiff's disability discrimination claim); *Johnson v. Chicago Board of Education*, 2002 WL 1769976, *5 (N.D. Ill. 2002) (Nordberg, J.) ("Because the plaintiff's sexual harassment claims form the core for her state tort claim… the IHRA preempts her claim for intentional infliction of emotional distress."); *Dorado*, 2002 WL 230776, *9 (N.D. Ill. 2002) (Gottschall, J.) (dismissing the plaintiff's claim for tortious interference because "absent the race, disability and derivative retaliation allegations, [the plaintiff's] tortious interference claims are sunk.").

The Northern District's reasoning in *Dorado* supports dismissal of Plaintiff's claim for negligent supervision in this case. In *Dorado*, the plaintiff asserted a claim for race and disability discrimination and a claim for tortious interference with prospective economic advantage. *Id.* at *5. As the basis for his tortious interference claim, the plaintiff alleged that the discriminatory conduct of one of the defendant's agent's caused him to lose his job. *Id.* at *6. In examining the plaintiff's claim, the Court reasoned that the "critical question is whether [the plaintiff's] tortious interference claim can stand without relying on allegations that constitute an IHRA violation." *Id.* at *6. Looking at the complaint in its entirety, the Court found that "the complaint as a whole can only be read to allege that [the defendant's agent] was motivated by a desire to retaliate (or at least to assist in retaliating) for [the plaintiff's] prior complaints of racial and disability discrimination." The Court found that the discrimination allegations "cannot be used to support [the plaintiff's] claims for tortious interference" and therefore, dismissed the plaintiff's claims as barred by the IHRA. *Id.* at *8.

5

Just as in *Dorado*, Plaintiff's negligent supervision claim in this case is based solely on the failure of Advocate to remedy the alleged discriminatory conduct of one of its agents, Marie Levy. Plaintiff asserts that "Defendant failed to use reasonable care in its supervision of Marie Levey". (Complaint, ¶ 38). Moreover, Plaintiff complains only of Advocate's alleged failure to "ameliorate the situation" after Plaintiff complained about Marie Levey's actions to Aeran Garcia, a supervisor, and Julie Ott, Advocate's Human Resource Specialist. (Attachment to Charge, ¶¶11-12). The only improper conduct by Marie Levy cited by Plaintiff in the entire Complaint is the alleged discriminatory treatment of Plaintiff. (*See* Plaintiff's Complaint and the Attachment to the EEOC Charge). The true nature of the allegations that underpin Plaintiff's negligent supervision claim is further evidenced by Plaintiff's claim for the type of damages typically sought in a discrimination action - front pay, back pay, and attorney's fees – as part of her negligent supervision count. (Complaint, Prayer for Relief). There is no independent basis for Plaintiff's negligent supervision claim. Consequently, Plaintiff's claim for negligent supervision should be dismissed as this Court lacks subject matter jurisdiction pursuant to the exclusive remedy provision of the IHRA.

The Northern District's decisions in *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F.Supp.2d 951 (N.D. Ill. 2002) (Gottschall, J.) and *Ofoma v. Armour*, 1998 WL 409381 (N.D. Ill. 1998) (Gettleman, J.) also support dismissal of Plaintiff's negligent supervision claim. In *Arnold,* the plaintiff asserted claims for discrimination pursuant to Title VII and common law claims for intentional infliction of emotional distress and negligent supervision, among others. *Arnold,* 215 F.Supp.2d at 955. The Court found that the negligent supervision claim was not preempted to the extent it was premised on plaintiff's attempt to hold the defendants liable for negligently failing to prevent intentional infliction of emotional distress, as alleged by the

Plaintiff in a separate count. *Id.* at 956. The Northern District reasoned that unlike in *Geise v. Phoenix*, 159 Ill.2d 507, 639 N.E.2d 1273 (Ill. 1994), in which the Illinois Supreme Court held that the IHRA preempted the plaintiff's negligent supervision claim because it was based exclusively on claims of sexual harassment, the plaintiff's claim for negligent supervision in *Arnold* was based on the theory that the defendants should have known that employees were inflicting severe emotional distress. *Id.*. The Northern District specifically held, however, that "[t]o the extent [Plaintiff's] retention, training, and supervising claims are based on the duty not to discriminate they are preempted by the IHRA." *Id.* at 958. Interestingly, the Court then dismissed the plaintiff's negligent supervision claim on the grounds that it was redundant with the plaintiff's intentional infliction of emotional distress count.

Similarly, in *Ofoma v. Armour*, 1998 WL 409381 (N.D. Ill. 1998), the plaintiff asserted claims for discrimination under Title VII and common law counts for assault and battery and negligent supervision. Applying the Illinois Supreme Court's reasoning in *Maksinmovic,* the Court found that the plaintiff's claims for assault and battery were based on independent legal duties that did not arise out of the IHRA and therefore, were not preempted. *Id.* at *3 ("Assault and battery are Illinois common law actions that do not depend on the IHRA for legal viability."). As to the plaintiff's negligent supervision count, the Northern District noted that the plaintiff sought recovery for two types of injuries: "(1) sexual harassment, sexual discrimination, and national origin discrimination; and (2) assault and battery." *Id.* at *3. The Northern District found that the IHRA preempted the plaintiff's claim for negligent supervision in part:

> To the extent that the plaintiff's negligent supervision claim is based on a failure to prevent sexual harassment and national origin discrimination by [defendants], it is preempted…On the other hand, to the extent that plaintiff's negligent supervision claim is based on a failure to prevent assault and battery by [defendants], it is not preempted.

*Id.* at *3-*4.

Therefore, the Court dismissed the plaintiff's negligent supervision claim to the extent it was premised on allegations of sexual harassment or national origin discrimination. *Id.*

Unlike *Arnold* and *Ofoma*, where the plaintiff's negligent supervision claim was based on other common law torts, the only basis for Plaintiff's negligent supervision count in this case is Marie Levy's alleged discriminatory treatment of Plaintiff. Plaintiff asserts no claim for intentional infliction of emotional distress, assault and battery, or any other state tort action for that matter that would provide a basis independent of the IHRA for Plaintiff's negligent supervision claim. Applying the reasoning in *Arnold* and *Ofama*, the IHRA preempts Plaintiff's claim for negligent supervision in this case because success on this claim is premised on the plaintiff's success on her discrimination claims. Stated differently, absent the statutory protections contained in the ADA and the IHRA, Plaintiff cannot sustain her action for negligent supervision. Consequently, Count VI for negligent supervision should be dismissed because this Court lacks subject matter jurisdiction of this claim pursuant to the IHRA's exclusive remedy provision.

### C. Plaintiff's negligent supervision claim is also barred by the exclusive remedy provision of the Illinois Workers' Compensation Act.

Plaintiff's count for negligent supervision is also barred by Section 5(a) of the Illinois Workers Compensation Act ("IWCA"). Section 5(a) provides, in pertinent part:

> No common law or statutory right to recover damages from the employer… for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act…

820 ILCS 305/5(a) (West 2008).

Section 11 of the IWCA states that the compensation provided by the IWCA "shall be the measure of the responsibility" of an employer. 820 ILCS 305/11 (West 2008). To escape the exclusions of these provisions, Plaintiff would have to prove either that the injury "(1) was not accidental, (2) did not arise from his or her employment, (3) was not received during the course of employment, or (4) was noncompensable under the Act." *Arnold*, 215 F.Supp.2d at 956, citing *Collier v. Wagner Castings Co.*, 81 Ill.2d 229, 237, 408 N.E.2d 198, 202 (Ill. 1980).

The Northern District's reasoning in *Arnold* mandates dismissal based on the IWCA in this case. Like in this case, the defendants in *Arnold* sought to dismiss claims for negligent supervision based on the exclusivity provisions of the IWCA. *Arnold*, 215 F.Supp.2d at 957. The Northern District held that "[a]n act of negligence, even if committed by the employer itself, is 'accidental' for purposes of the IWCA." *Id.* Thus " '[t]he IWCA abrogates employer liability for all common law negligence claims." *Id.* citing *Walker v. Doctors Hospital*, 110 F.Supp.2d 704, 714 (N.D.Ill. 2000). In regards to the negligent supervision claims specifically, the Northern District found that such claims were barred by the exclusive remedy provision of the IWCA even though the plaintiff alleged willful and wanton conduct in support of this claim:

> The last three counts concern retention, training, and supervision. Although willful and wanton misconduct by an employer can give rise to a claim in Illinois, such claims, like ordinary negligence actions, are barred by the IWCA. Only genuinely intentional torts fall outside the IWCA exclusivity provisions. There is, however, no such thing as intentionally wrongful retention, training, or supervision.

*Id.*

Like in *Arnold*, Plaintiff's negligent supervision claim is barred by the IWCA. As Exhibit A to her Complaint, Plaintiff attaches the Attachment to her EEOC Charge as support for her allegations. In this Attachment, Plaintiff admits that she "was employed by Respondent [Advocate] as a Nurse/ Lactation Consultant from 1997 until [she] was terminated on September

9

15, 2006." (Attachment to Charge, ¶ 1). Moreover, Plaintiff admits that all of her alleged injuries occurred as a result of the alleged discrimination she experienced during her employment with Advocate. (Attachment to Charge, ¶¶1-14). Thus, there is no question that the IWCA applies in this case and following the reasoning in *Arnold,* Plaintiff's negligent supervision count should be dismissed because it is barred by the exclusive remedy provision of the IWCA.

**CONCLUSION**

Plaintiff's count for negligent supervision is preempted by the Illinois Human Rights Act and also barred by the Illinois Workers Compensation Act. Consequently, Plaintiff's claim for negligent supervision (Count VI) should be dismissed.

> Respectfully Submitted,
>
> ADVOCATE GOOD SAMARITAN HOSPITAL
>
> By:   /s David J. Tecson
>       One of Defendant's Attorneys

David J. Tecson
Meredith M. Casper
Chuhak & Tecson, P.C.
30 South Wacker Dr.
Suite 2600
Chicago, Illinois 60606
(312) 444-9300

10